**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4880**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

          v.

EULALIA HEADEN, a/k/a Eulalia Jean Headen,

                 Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.    David A. Faber, District Judge.  (1:07-cr-00169-1)

Submitted:  March 16, 2009          Decided:  March 27, 2009

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Debra Kilgore, BURTON, KILGORE & LAZENBY, PLLC, Princeton, West Virginia, for Appellant.   Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eulalia Jean Headen appeals the district court's judgment imposing a sentence of fifteen months in prison after Headen pled guilty to an information charging her with using a communication facility, a telephone, to facilitate the commission of felony possession with intent to distribute hydrocodone in violation of 21 U.S.C. § 843(b) (2006). On appeal, counsel for Headen has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal, but raising the issue of whether the district court erred by imposing an unreasonable sentence. Headen was informed of her right to file a pro se supplemental brief but elected not to do so. Finding no error, we affirm.

We review Headen's sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. When reviewing a sentence on appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v.

2

<u>Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007). We also give due deference to the district court's decision that the 18 U.S.C. § 3553(a) (West 2000 & Supp. 2008) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. <u>United States v. Pauley</u>, 511 F.3d 468, 474 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Headen, and that her sentence is procedurally and substantively reasonable. The district court correctly calculated Headen's guideline range and sentenced her below that range after considering that Headen timely received the presentence investigation report in accordance with Fed. R. Crim. P. 32(e)(2)(g) and after considering the § 3553(a) factors justifying the imposition of a variant sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>